UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CASSIE L. GARRISON,<br>    Plaintiff,<br>v.<br>KILOLO KIJAKAZI,<br>    Defendant. | Case No. 2:23-cv-01063-NJK<br><br>**ORDER**<br><br>[Docket No. 1] |

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1. The Court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who has shown that he is unable to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g., Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014). In exercising that discretion, the Court evaluates the income and assets to which the plaintiff has access. *See, e.g., id.* at *3-4. While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, he must demonstrate that he cannot pay those costs while still providing himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The text of Plaintiff's application to proceed *in forma pauperis* is faint to the point of illegibility. *See* Docket No. 1. The Court is, therefore, unable to evaluate Plaintiff's income and assets to determine if she has shown an inability to pay this case's filing fees and costs. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice. Docket No. 1. Counsel must ensure that any subsequent application to proceed *in forma pauperis* is fully legible. Any subsequent application must be filed no later than July 20, 2023.

    IT IS SO ORDERED.

    DATED: July 13, 2023.

                                                                                  NANCY J. KOPPE
                                                                                 UNITED STATES MAGISTRATE JUDGE