UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CASSIE G., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br><br> Defendant. | Case No. 2:23-cv-01063-NJK <br><br> **Order** <br><br> [Docket No. 21] |

Pending before the Court is a stipulation to award Plaintiff $6,100 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 21.

Although Plaintiff's fee request is not opposed, the Court has an independent obligation to review the reasonableness of the fee award. *See, e.g.*, *Bradley V. v. Kijakazi*, 2021 WL 4554108, at *1-3 (S.D. Cal. Oct. 4, 2021); *Atunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017); *Keyser v. Astrue*, 2012 WL 78461, at *3 (D. Ore. Jan. 10, 2012); *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A). Supporting the hourly rate for lodestar purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, provide satisfactory evidence as to the prevailing hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the prevailing rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The hourly rates sought by Attorney Kalagian and Attorney Perales are in accordance with those the Court has awarded to them in other cases. *See, e.g.*, *Hengpo C. v. O'Malley*, Case No. 2:23-cv-01961-NJK, Docket No. 19 (D. Nev. July 1, 2024). Moreover, the hours documented by counsel appear to be reasonable. *See* Docket No. 21-2 at 1-2.[1]

Accordingly, the Court **GRANTS** the stipulation to award Plaintiff $6,100 in attorneys' fees pursuant to the EAJA.

IT IS SO ORDERED

Dated: October 21, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The attorney time expended accounts for the bulk of the fees being sought. While it appears that there might be some deductions warranted as to the paralegal portion of the request, the fee amount sought would remain reasonable even were the Court to adjust the paralegal amounts downward. *See* Docket No. 21-2 at 2 (reflecting total fee amount of $6,162.29).